U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 29 2015
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Bankruptcy Case No. |
| REGINA NACHAEL HOWELL FOSTER, | § | 12-43804-RFN-7 |
| | § | |
| Debtor. | § | |
| | § | |
| REGINA NACHAEL HOWELL FOSTER, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| VS. | § | District Court Case |
| | § | No. 4:14-CV-1060-A |
| AREYA HOLDER, | § | |
| | § | |
| Appellee. | § | |

MEMORANDUM OPINION
and
ORDER

The ultimate issue in this appeal by Debtor, Regina Nachael Howell Foster, is whether the bankruptcy court's denial of her motion to convert her Chapter 7 case to Chapter 11 was a proper exercise of the bankruptcy court's authority under 11 U.S.C. § 105(a) to take any action or make any determination necessary or appropriate to prevent an abuse of process. The court has concluded that Debtor has failed to demonstrate that the denial of her motion for conversion was beyond the power of the bankruptcy court. Therefore, Debtor's appeal is without merit, and the bankruptcy court's order denying the motion for conversion should be affirmed.

I.

Background

Debtor filed her Chapter 7 voluntary petition on July 2, 2012. Appellee, Areya Holder, was designated as the Chapter 7 Trustee. On October 28, 2014, Debtor filed her motion for conversion of Chapter 7 to Chapter 11 pursuant to 11 U.S.C. § 706(a). R. at 33.[1] On November 6, 2014, Trustee filed her objection to the motion for conversion, R. at 37-49. Debtor replied to Trustee's objection by a document filed November 13, 2014. R. at 80.

The bankruptcy court held an evidentiary hearing on the motion on December 15, 2014. R. at 92. The record on appeal does not contain a transcript of the evidence adduced at the hearing. However, it does contain a transcript-excerpt of findings and conclusions of the bankruptcy court that led to the bankruptcy court's order denying the motion. R. at 1940-48. The bankruptcy judge concluded, apparently with the assent of Debtor and Trustee, "that the Marrama case[2] is the controlling authority," R. at 1940, and he read into the record what he considered to be the pertinent parts of the Marrama opinion,

---

[1] The "R. at ___" references are to the page or pages in the eighteen-volume record on appeal that appears as item 14, with a filing date of February 20, 2015, on the district clerk's docket for the instant action on appeal.

[2] Marrama v. Citizens Bank of Mass., 549 U.S. 365, 375 nn. 11 & 12 (2007).

2

R. at 1940-41.  Then, the bankruptcy court expressed on the record the following findings and conclusions:

(1) Debtor filed a Chapter 7 case in a successful attempt to prevent foreclosure under the mortgage on her homestead property.  R. at 1941.

(2) Her desire to convert the case to Chapter 11, so far as the bankruptcy court could tell, was not to pay any of the unsecured creditors listed on her schedule of unsecured creditors or to pay her undischargeable school debt, but was "for the purpose of essentially paying the mortgage obligation and perhaps other living expenses."  R. at 1941.

(3) Debtor had taken inconsistent positions during the pendency of her bankruptcy case relative to the status of certain property, R. 1941-1942; and, the arguments she had made from time to time did not seem to be arguments that would be made in the capacity of a Chapter 11 Debtor who owes a fiduciary duty to all creditor constituencies wanting to come serve all those constituencies.  R. at 1943. Rather, the positions taken by Debtor seem "to be an argument in favor of ensuring that all those constituencies are excluded from any recovery and making sure that anything that could arguably be considered to be an asset of the

3

estate is marshaled towards paying off the mortgage and Debtor's living expenses." Id.

(4) In her Chapter 7 case, Debtor "filed a proof of claim for her children in which she . . . accused herself of a breach of fiduciary duty, which today on the stand she admitted that she committed" and "[s]he acknowledges that the claim that her children have against the estate is a good claim, and presumably is one that would be paid in a Chapter 11 case." R. at 1943-44.

(5) Debtor has no ability to fund a plan, and "she has no real incentive to be objective when it comes to paying claims other than the claims of the homestead and the claims that are asserted by her children." R. at 1944. That did not sound to the bankruptcy judge "like the actions of a person who wants to be placed in a fiduciary position to represent the best interests of the estate at large." Id.

(6) Debtor "can't purport to go into a Chapter 11 and say that her interests come first and that all the other creditors are just going to have to be set aside" because "[t]hat's just not consistent with the fiduciary duties that are imposed upon a debtor in possession." R. at 1944-45.

(7) If a Chapter 11 Trustee were to be appointed, the work for that Trustee would duplicate what the Chapter 7

4

Trustee already has accomplished. R. 1945. The expense that would be involved in a conversion to Chapter 11 could be incredibly burdensome. Id.

(8) The notion that a Chapter 11 Trustee could solve all of the ills of this particular case is misguided. Id.

(9) If there was a Chapter 11 Trustee, he would see things exactly the same way the Chapter 7 Trustee has seen them and would propose the same motions and compromises, with the result that "we would have gone through all of this for no additional reason, and [Debtor] would find herself in exactly the same position that she finds herself in right now -- that is, fighting that trustee instead of this trustee." R. at 1945-46.

(10) "[T]his is the atypical case." R. at 1946.

(11) With respect to approval of the plan that would be proposed if there were a conversion to Chapter 11, the bankruptcy judge said:

> Just as in Chapter 13, under Section 1129, in order to confirm a plan, the Debtor would have to prove at least two things. Number one, that the plan was proposed in good faith. Given all that I've said, I don't know how I could find that the plan was proposed in good faith, the plan that the Debtor mentions. And the Court would have to find that the plan is feasible. I have no way of finding -- there's no way, based upon this record,

5

that I could ever determine that that plan was feasible.

Id.

(12) Given all that has happened in the Chapter 7 case, "all of these constant maneuvers on the part of the Debtor do suggest that there's been an abuse of process in this Court." Id. The court provided a summary of some of the things that he referred to as the things that have happened "in this particular case." R. at 1946-47.

(13) The Debtor has used bankruptcy for improper purposes. R. at 1947.

For the reasons the bankruptcy judge put of record, he denied the motion to convert the case to Chapter 11. Id. On December 23, 2014, the bankruptcy court issued its order denying Debtor's motion for conversion. R. at 3. This appeal was taken from that ruling.

II.

Analysis

The bankruptcy court's conclusions of law are to be reviewed de novo, its findings of fact are to be reviewed for clear error, and mixed questions of fact and law are reviewed de novo. In Re National Gypsum Co., 208 F.3d 498, 504 (5th Cir. 2000).

6

At the outset, the court is considering the contention urged by Debtor in her brief that the statements of the Supreme Court in <u>Marrama</u> upon which the bankruptcy court relied as the controlling authority are, in fact, not the controlling authority. The language in <u>Marrama</u> on which the bankruptcy court relied was the following:

> We have no occasion here to articulate with precision what conduct qualifies as "bad faith" sufficient to permit a bankruptcy judge to dismiss a Chapter 13 case or to deny conversion from Chapter 7. It suffices to emphasize that the debtor's conduct must, in fact, be atypical. Limiting dismissal or denial of conversion to extraordinary cases is particularly appropriate in light of the fact that lack of good faith in proposing a Chapter 13 plan is an express statutory ground for denying plan confirmation. . . .
>
> * * * * *
>
> Title 11 U.S.C. § 105(a) provides:
> "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

<u>Marrama v. Citizens Bank of Mass.</u>, 549 U.S. 365, 375 nn. 11 & 12 (2007); R. at 1940-41.

Though Debtor's scattergun approach in her appellate brief tends to obscure the true issues on appeal, the court is

7

satisfied that the true issue, and the only one deserving consideration and discussion, is her contention that the decision of the Supreme Court in Law v. Siegel, 134 S. Ct. 1188 (2014), prevails over the language in Marrama upon which the bankruptcy court relied, and that the Law decision stands for the proposition that 11 U.S.C. § 105(a) cannot be used to defeat an otherwise absolute right to convert to Chapter 11. Appellant Br. at 17-20. Debtor is partially right. The Law decision restricts the scope of the Marrama language upon which the bankruptcy court relied by providing the following explanation:

> True, the Court in Marrama also opined that the Bankruptcy Court's refusal to convert the case was authorized under § 105(a) and might have been authorized under the court's inherent powers. Id. at 375-376, 127 S. Ct. 1105. But even that dictum does not support Siegel's position. In Marrama, the Court reasoned that if the case had been converted to Chapter 13, § 1307(c) would have required it to be either dismissed or reconverted to Chapter 7 in light of the debtor's bad faith. Therefore, the Court suggested, even if the Bankruptcy Court's refusal to convert the case had not been expressly authorized by § 706(d), that action could have been justified as a way of providing a "prompt, rather than a delayed, ruling on [the debtor's] unmeritorious attempt to qualify" under § 1307(c). Id., at 376, 127 S. Ct. 1105. At most, Marrama's dictum suggests that <u>in some circumstances a bankruptcy court may be authorized to dispense with futile procedural niceties in order to reach more expeditiously an end result required by the Code</u>. Marrama most certainly did not endorse, even in dictum, the view that equitable considerations permit a

8

bankruptcy court to contravene express provisions of the Code.

134 S. Ct. at 1197 (emphasis added).

But that restrictive language does not affect the bankruptcy court's denial of Debtor's motion. In Law, the Court explained that the question in Marrama "was whether a debtor's bad-faith conduct was a valid basis for a bankruptcy court to refuse to convert the debtor's bankruptcy from a liquidation under Chapter 7 to a reorganization under Chapter 13," id.; and, the Court went on to say that although 11 U.S.C. § 706(a) gave the debtor a right to convert the case, § 706(d) expressly conditioned that right on the debtor's ability to qualify as a debtor under Chapter 13. Id. In the Law opinion, the Court explained that in Marrama "the Court held that the debtor's bad faith could stop him from qualifying as a debtor under Chapter 13, thus preventing him from satisfying § 706(d)'s express condition on conversion."[3] Id.

---

[3] 11 U.S.C. § 706(a) and (d) read as follows:
§ 706. Conversion
    (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.
\* \* \* \* \*
    (d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

9

In the instant action, the bankruptcy court's decision was consistent with the rulings and statements made in Law. Here, the bankruptcy court denied a conversion that would have been futile under the circumstances. This essentially is the meaning the Fifth Circuit gave to Marrama in In Re Jacobsen, 609 F.3d 647, 660-61 (5th Cir. 2010). Other courts have reached the same or similar conclusions. See In Re Mitrano, 472 B.R. 706, 710 (E.D. Va. 2012); In Re FMO Assocs. II, LLC, 402 B.R. 546, 549-51 (Bkrtcy.E.D.N.Y. 2009); In Re George Love Farming, LC, 366 B.R. 170, 177-78 (Bkrtcy.D. Utah 2007); In Re Dan Thomason & Assocs., LLC, No. 3-10-CV-379-K, 2010 WL 3385025 at * 2 (N.D. Tex. Aug. 25, 2010).

By denying the conversion sought by Debtor, the bankruptcy court dispensed "with futile procedural niceties in order to reach more expeditiously an end result required by the Code." Law, 134 S. Ct. at 1197. Therefore, the bankruptcy court had the power to deny Debtor's motion for conversion.

The wording of Debtor's appellate brief is such that the court cannot be certain whether Debtor is maintaining that the findings and conclusions of the bankruptcy judge put on the record at the end of the December 15, 2014 hearing lack support in the evidence developed at the hearing. If Debtor is taking that position, she cannot succeed because she did not cause a

transcript of the evidence received at the hearing to be made a part of the record on appeal. In <u>In Re Solomon</u>, Nos. 96-11201, 96-11528, 96-11529, 1997 WL 680934 (5th Cir. 1997), the Fifth Circuit stated what appears to be a well-accepted rule that when an appellant fails to include in the record on appeal a transcript of a hearing on a motion, the appellate court "must presume the bankruptcy court's findings of fact are correct and supported by the evidence." 1997 WL 680934 at *6.[4]

Having concluded that Debtor has failed to demonstrate that the denial of her motion for conversion was beyond the power of the bankruptcy court, the court is affirming the bankruptcy court's order of denial.

### III.

### Order

Consistent with the foregoing,

The court ORDERS that the bankruptcy court's order of December 23, 2014, denying Debtor's motion for conversion be, and is hereby, affirmed.

SIGNED April 29, 2015.

_____
JOHN McBRYDE
United States District Judge

---

[4] The court recognizes that <u>In Re Solomon</u> was an unpublished decision of the Fifth Circuit; however, it is mentioned in this opinion because it is instructive as to the position the Fifth Circuit takes on the absence in the record on appeal of a transcript of a hearing.